# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

In re:  MEREDITH ANN ALEXANDER

Case No.: 25-72441-FJS
Chapter 13

Debtor

## ORDER CONFIRMING PLAN

The Chapter 13 Plan (the "**Plan**") filed by the Debtor on March 03, 2026, replacing all previously filed plans, if any, having been transmitted to all creditors; and it having been determined that the Plan meets each of the requirements of 11 U.S.C. § 1325(a);

**It is ORDERED that:**

(1)     The Plan as filed or modified is CONFIRMED.

(2)     The debtor shall obtain prior Court approval of the following transactions, upon a motion that provides notice to the Chapter 13 Trustee and all necessary parties and discloses completely the transaction's proposed terms:

(a) the voluntarily incurrence of new debt, whether secured or unsecured, that causes the debtor's total principal amount borrowed post-petition to exceed $15,000 at any point in time;

(b) the transfer or sale of real or personal property with a value that exceeds $15,000;

(c) the refinance or modification of a loan secured by real or personal property; and

(d) the encumbrance of real or personal property.

(3)     The debtor shall disclose the acquisition of real or personal property with a value that exceeds $15,000.

(4)     All funds received by the Chapter 13 Trustee on or before the date of an order of dismissal shall be disbursed to creditors, unless such disbursement would be de minimis, in which case the funds may be disbursed to the Debtor or paid into the Treasury registry fund account of the Court, at the discretion of the Trustee.

All funds received by the Chapter 13 Trustee after the date of the entry of the order of dismissal shall be refunded to the Debtor at their address of record.

All undisbursed funds on deposit with the Chapter 13 Trustee on or after the date of an order of conversion shall be disbursed to the Debtor.

(5)      The holder of each secured claim provided for in paragraphs 4A or 4D of
the Plan shall retain the lien securing such claim until the earlier of (i) the
payment of the underlying debt determined under nonbankruptcy law or
(ii) discharge under § 1328 or (iii) such lien is otherwise avoided by
separate Court order entered in this case or associated adversary
proceeding.  If this case is dismissed or converted without completion of
the Plan, such lien shall be retained by such holder to the extent
recognized by applicable nonbankruptcy law.

(6)      The Debtor shall provide copies of tax returns to the Chapter 13 Trustee
upon request.

(7)      In any chapter 13 case (1) that involves any claim that is secured by a
security interest in the Debtor's principal residence for which the plan
provides that either the trustee or Debtor will make contractual
installment payments and (2) where there is no order terminating or
annulling the automatic stay related to such claim, the Debtor shall file,
within 30 days of completion of the plan payments due under the terms of
any confirmed plan, a certification (in addition to the certification
required under LBR 4008-2(A)) as to whether all contractual installment
payments due during the life of the case have been made. If the Debtor
fails to timely file a certification, or if the  Debtor's certification states that
not all contractual installment payments were made during the Chapter
13 case, the standing trustee shall file a motion to dismiss without a
discharge.

(8)      To the extent property of Debtor remains vested in the estate pursuant to
Section 10 of the Plan, Debtor shall have sole and exclusive responsibility
for maintenance and insurance of that property, and for payment of any
ad valorem or other taxes that arise post-petition.

Date: Apr 27 2026                                    /s/ Frank J Santoro
                                                     United States Bankruptcy Judge


                                                     Entered on Docket:    Apr 28 2026


I ask for this:

/s/ Gregory D. Stefan
Gregory D. Stefan, VSB No. 40855
Chapter 13 Standing Trustee
1403 Greenbrier Parkway, Suite 400
Chesapeake, VA  23320
Telephone: (757) 961-3000
Facsimile: (757) 961-3001 Facsimile
gdstefan@gdsch13.com

**PARTIES TO RECEIVE COPIES**:

      MEREDITH ANN ALEXANDER
      P.O. BOX 56101
      VIRGINIA BEACH, VA 23456

      THE MERNA LAW GROUP, PC
      621 N LYNNHAVEN RD
      VIRGINIA BEACH, VA 23452

United States Bankruptcy Court

Eastern District of Virginia

In re:                                                                                                    Case No. 25-72441-FJS

Meredith Ann Alexander                                                                                   Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0422-8 | User: Nathaniel | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Apr 28, 2026 | Form ID: pdford3 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 30, 2026:**

**Recip ID**        **Recipient Name and Address**
db          + Meredith Ann Alexander, P.O. Box 56101, Virginia Beach, VA 23456-1101

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 30, 2026        Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 28, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Genene E. Gardner | on behalf of Debtor Meredith Ann Alexander gsaunders@mernalaw.com<br>mlgcourts@gmail.com;gardnergr73674@notify.bestcase.com;agraveline@mernalaw.com;legalassistant@mernalaw.com |
| Gregory D. Stefan | gdstefan@gdsch13.com  ecftng@gdsch13.com |
| Matthew W. Cheney | ustpregion04.no.ecf@usdoj.gov |
| Trevor Brooks Reid | on behalf of Creditor OneMain Financial Group  LLC treid@parkerpollard.com,<br>sscarce@parkerpollard.com;myoder@parkerpollard.com |

TOTAL: 4